UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAIMON DEVARI MONROE,

   Petitioner,

v.

WARDEN WILLIAMS, *et al.,*

   Respondents.

Case No. 2:18-cv-01585-RFB-GWF

ORDER

   This habeas corpus action was initiated, *pro se*, on August 22, 2018, by Nevada prisoner Daimon Devari Monroe. On that date, Monroe submitted a habeas corpus petition, along with an application to proceed *in forma pauperis*, a motion for appointment of counsel, and a motion for discovery (ECF Nos. 1, 1-1, 2, 3). Because Monroe's application to proceed *in forma pauperis* did not include the required financial certificate, signed by an authorized prison officer, showing his financial status, the Court denied the application on August 23, 2018 (ECF No. 5). *See* LSR 1-2. The Court granted Monroe sixty days – to October 22, 2018 – to either pay the filing fee for this action or file a new, complete application to proceed *in forma pauperis*.

   On September 26, 2018, Monroe filed a notice (ECF No. 6) indicating that he was taking steps to pay the filing fee; however, the Court has never received his payment.

   Meanwhile, on October 4, 2018, Monroe filed a motion for stay (ECF No. 7). In that motion, Monroe states that he has learned that he must exhaust his claims in state court before asserting them in a federal habeas corpus action, and he asks for a stay of this action while he does so. Monroe states that his direct appeal is currently pending,

and that he has filed a state habeas action, which is also pending, apparently in the state district court.

Therefore, taking as true the representations in Monroe's motion for stay, it is apparent that none of the claims in his petition have been exhausted in state court, and that this action is premature and subject to dismissal. As both Monroe's direct appeal and his first state habeas action are pending, there is no indication that a stay is necessary to prevent a statute of limitations bar of Monroe's federal habeas claims. Under these circumstances, a stay of this action is unwarranted.

The Court will deny Monroe's motion for stay and will summarily dismiss this action because of Monroe's failure to pay the filing fee, because none of Monroe's claims are exhausted in state court, and because this action is premature.

**IT IS THEREFORE ORDERED** that the petitioner's motion for stay (ECF No. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied, as jurists of reason would not find the Court's dismissal of this action without prejudice to be debatable or incorrect.

**IT IS FURTHER ORDERED** that the petitioner's motion for appointment of counsel (ECF No. 2) and motion for discovery (ECF No. 3) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk of the Court is instructed to enter judgment accordingly and close this case.

DATED this 2nd day of November, 2018.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE